UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CHARLES EDWARD MOSS, JR.,<br><br>　　　　　　　Defendant. | No. CR-13-00790 PJH (DMR)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

The magistrate judge recommends to the district judge that it accept defendant Charles Edward Moss, Jr.'s guilty plea entered in open court on May 8, 2014. Specifically, the defendant pleaded guilty in an "open plea" (that is, not pursuant to a written plea agreement) to count one of the single count indictment charging a violation of 21 U.S.C. § 860(a) (Possession with Intent to Distribute and Distribution of Cocaine Base in the Form of "Crack" Within 1,000 Feet of a School). The magistrate judge makes the following findings:

　　　1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to enter his plea in a plea hearing in magistrate

1  court. The magistrate judge also advised him that it would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him. The magistrate judge also advised him of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation. The defendant then waived his right to proceed in district court in open court and in writing and consented to the magistrate judge's conducting the plea hearing.

2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate judge reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The magistrate judge also determined that there was a factual basis for the guilty plea.  *See* Fed. R. Crim. P. 11(b)(3).

3. The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises.  *See* Fed. R. Crim. P. 11(b)(2).

4.  After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty as summarized above. The magistrate judge found that he was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis. This court thus recommends to the district judge that it accept the defendant's guilty plea.

5. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

REPORT AND RECOMMENDATION
CR 13-00790 PJH (DMR)                                             2

     6. This court set the matter for further proceedings before the district court on July 30, 2014, at 1:30 p.m.

     IT IS SO RECOMMENDED.

Dated: May 8, 2014

_____
DONNA M. RYU
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 13-00790 PJH (DMR)           3